1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHIRLEY LACY,

             Plaintiff,

    v.

K. L. VILLENEUVE,

             Defendant.

CASE NO. C03-2442JLR

ORDER

## I.  INTRODUCTION

This matter comes before the court on Plaintiff's motion to compel discovery (Dkt. # 91).  Having reviewed the parties' briefing and supporting declarations, the court GRANTS Plaintiff's motion.

## II.  BACKGROUND

Defendant K.L. Villaneuve intends to offer expert testimony from Dr. Richard Startz.  In accordance with his obligations under Fed. R. Civ. P. 26, Dr. Startz has produced an expert report and appeared for deposition.  Before Dr. Startz's deposition, Plaintiff served Defendant with document requests seeking communications between defense counsel and Dr. Startz, and served Dr. Startz with a subpoena duces tecum for the same documents.  Defendant responded with a privilege log listing six e-mails or e-mail strings containing communications between Dr. Startz and defense counsel or his

ORDER – 1

1  paralegals.  Defendant claimed that the communications contained protected work
2  product.

3       At Dr. Startz's deposition, Plaintiff's counsel attempted to inquire into
4  communications between Dr. Startz and defense counsel.  Defense counsel instructed Dr.
5  Startz not to answer the questions, again claiming work-product protection.

6       Plaintiff filed this motion seeking to compel production of the allegedly protected
7  documents and to compel Dr. Startz to reappear for deposition to answer questions
8  regarding his communications with defense counsel.  In response, Defendant produced
9  the challenged documents, but continued to press her objection to Dr. Startz answering
10  questions regarding his communications with defense counsel.

11                              **III.  ANALYSIS**

12       The only issue before the court is whether work-product protection extends to
13  conversations between an attorney and a testifying expert witness in which the attorney
14  discloses his opinions and mental impressions regarding the case.  Defendant claims no
15  other basis for instructing Dr. Startz not to answer questions about his communications
16  with defense counsel.

17       Work product is not a privilege, but rather a qualified protection limiting discovery
18  of "documents and tangible things"[1] prepared by a party or his representative in
19  anticipation of litigation or trial.  Admiral Ins. Co. v. United States Dist. Court, 881 F.2d
20  1486, 1494 (9th Cir. 1989).  Under Fed. R. Civ. P. 26(b)(3), a party can obtain discovery
21  of work product only on a showing of "substantial need," but generally cannot obtain
22  discovery of what the court will refer to as "opinion work product," the portions of work

23

24       [1]Although the Ninth Circuit has not squarely addressed the issue, some courts have
25  extended work-product protection beyond "documents and things" to oral communications.
    E.g., Connolly Data Sys., Inc. v. Victor Techs., Inc., 114 F.R.D. 89, 96 (S.D. Cal. 1987);
26  Intermedics, Inc. v. Ventritex, Inc., 139 F.R.D. 384, 387 (N.D. Cal. 1991).  The court assumes
27  without deciding that the work-product protection could encompass defense counsel's oral
    discussions with Dr. Startz.

28

ORDER – 2

1   product that disclose an attorney's "mental impressions, conclusions, opinions, or legal

2   theories . . . ." The party claiming work-product protection bears the burden of

3   establishing that the work-product privilege applies. Heath v. F/V Zolotoi, 221 F.R.D.

4   545, 549 (W.D. Wash. 2004) (Zilly, J.); United States v. City of Torrance, 163 F.R.D.

5   590, 593 (C.D. Cal. 1995).

6          Amendments to Fed. R. Civ. P. 26 in 1993 expanded and clarified the duties of a

7   testifying expert witness. In describing these amendments, the Advisory Committee on

8   Civil Rules noted that the broad obligation of expert disclosure that Rule 26 creates

9   overcomes claims of privilege or protection for communications with experts:

10         Given this obligation of disclosure, litigants should no longer be able to
           argue that materials furnished to their experts to be used in forming their
11         opinions – whether or not ultimately relied upon by the expert – are
           privileged or otherwise protected from disclosure when such persons are
12         testifying or being deposed.

13   Fed. R. Civ. P. 26(a)(2) Advisory Committee's note (1993 amendments). Dozens of

14   courts nationwide have cited the Advisory Committee's language in holding that the

15   work-product protection does not apply to disclosures of opinion work product to a

16   testifying expert witness. E.g., In re Pioneer Hi-Bred Int'l, Inc., 238 F.3d 1370, 1375

17   (Fed. Cir. 2001) (applying Eighth Circuit law); Colindres v. Quietflex Mfg., 228 F.R.D.

18   567, 572 (S.D. Tex. 2005); JB v. Asarco, Inc., 225 F.R.D. 258, 261 (N.D. Okla. 2004);

19   Am. Fid. Assur. Co. v. Boyer, 225 F.R.D. 520, 521-22 (D.S.C. 2004); 219 F.R.D. 220,

20   249-50 (N.D.N.Y. 2003); TV-3, Inc. v. Royal Ins. Co. of Am., 194 F.R.D. 585, 589 (S.D.

21   Miss. 2000); Musselman v. Phillips, 176 F.R.D. 194, 202 (D. Md. 1997). Courts who

22   refuse to extend work-product protection to an attorney's communications with an expert

23   constitute a clear majority, although a significant minority of courts have held that

24   opinion work product is protected even when disclosed to an expert. E.g., Haworth, Inc.

25   v. Herman Miller, Inc., 162 F.R.D. 289, 294 (W.D. Mich. 1995); Magee v. Paul Revere

26   Life Ins. Co., 172 F.R.D. 627, 642-43 (E.D.N.Y. 1997) (citing Haworth).

27         Courts within the Ninth Circuit held that work-product protection did not extend to

28   communications with an expert even before the 1993 amendments to Rule 26. In

ORDER – 3

1 Intermedix, Inc. v. Ventritex, Inc., the court engaged in a thorough analysis of Rule 26

2 and the historical interpretation of work-product protection and determined that the

3 protection did not extend to disclosures to an expert witness. 139 F.R.D. 384, 387-97

4 (N.D. Cal. 1991). Defendant cites no case in which a district court in this circuit has held

5 that communications with an expert are protected work product.

6      Although no controlling authority compels the court's holding, the court finds both

7 the reasoning of the majority of courts interpreting Rule 26 after its 1993 amendments

8 and the reasoning advanced in Intermedix to be persuasive. Although the court

9 acknowledges the high degree of protection ordinarily accorded to opinion work product,

10 that protection must yield to a party's right to inquire into all influences on a testifying

11 expert's testimony. See Pioneer Hi-Bred, 238 F.3d at 1375 ("[W]e are quite unable to

12 perceive what interests would be served by permitting counsel to provide core work

13 product to a testifying expert and then to deny discovery of such material to the opposing

14 party."); see also Musselman, 176 F.R.D. at 201 (noting that prohibiting discovery into

15 attorney-expert communications "would seriously undermine the integrity of the truth

16 finding process at trial"). An attorney who wishes to protect his opinions and mental

17 impressions from disclosure should not disclose them to a testifying expert witness. The

18 work-product protection provides no shield to an attorney who chooses to do otherwise.

19 Defense counsel improperly invoked work-product protection in instructing Dr. Startz not

20 to answer questions about the communications between them.

21      Plaintiff requests that the court exercise its discretion under Fed. R. Civ. P. 37 to

22 award her attorneys' fees for bringing the instant motion to compel. Under Fed. R. Civ.

23 P. 37(a)(4)(A) the court can award fees against a party who refuses to provide discovery

24 without "substantial justifi[cation]." Fees are also appropriate where the "requested

25 discovery is provided after the motion [is] filed . . . ." Fed. R. Civ. P. 37(a)(4)(A).

26      The court finds that Defendant had substantial justification for instructing Dr.

27 Startz not to answer questions at deposition, but not for refusing to disclose his written

28 communications with defense counsel. Defendant disclosed written communications

ORDER – 4

between her counsel and Dr. Startz only after Plaintiff filed this motion, but continued to refuse to have Dr. Startz answer questions about oral communications in which counsel disclosed his mental impressions.  Defendant apparently decided to provide the written communications after concluding that they did not contain opinion work product.  The court finds no substantial justification for withholding the written communications, because no court since 1993 has extended protection to attorney-expert communications that do not contain opinion work product.  Defendant had substantial justification, however, for refusing to disclose opinion work product that counsel orally disclosed to Dr. Startz.  Although this court agrees with the majority of courts who have rejected Defendant's position, the significant minority who agree with Defendant provide "substantial justification" for that position.  The court thus awards Plaintiff $2000 in attorneys' fees[2] for the necessity of bringing a motion to address Defendant's unjustified refusal to disclose written communications between defense counsel and Dr. Startz.  The court also orders that a second deposition of Dr. Startz, limited to inquiry into his conversations with defense counsel, shall occur at no expense to Plaintiff.

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's motion to compel discovery (Dkt. # 91).  Defendant shall pay $2000 in attorneys' fees and make Dr. Startz available for deposition regarding his communications with defense counsel.  Plaintiff shall bear no expense for the additional deposition.

Dated this 21st day of November, 2005.

s/James L. Robart

_____
JAMES L. ROBART
United States District Judge

---

[2]Plaintiff's attorneys have submitted evidence establishing just under $3500 in fees for filing this motion.

ORDER – 5